IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES ATKINS LEWIS, JR., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 3:13-CV-2965-N-BK |
| | § | |
| HALLE BERRY, | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On July 30, 2013, Plaintiff filed a *pro se* complaint against Halle Berry. (Doc. 3). The Court granted the motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. For the reasons that follow, this case should be summarily dismissed.

**I. BACKGROUND**

The complaint reads in its entirety as follows:

Defendant was seen obscuring everything in the vicinity and had NO remorse whatsoever. Defendant caused illegal action in appropiation [sic] of accessories. No one to claim defendant. No one to file on defendant. Quality of statute limited editions *imperial* copy writings & Publicize trademarks names/service marks (Drasticly [sic] hindered [sic]) Defendant's Attorney Vincent Cirrincione shunned or conveyed he did not appreciate her whereabouts.  Disturbances populated the PLAINTIFF throughout the Dallas, TX region including Pagasus Plaza, Uptown District, Dallas Arts District, Fair Park of Dallas, Deep Ellum, West End Historical District, Swiss Ave Historic District, Knox-Henderson (Automatic Supension), Highland Park, Greenville Ave, *Farmers Market, Thanksgiving Commercial Center and the Civic Center.  Gay remarks influence the masses undeniably due to Defendant's coded overlay in tone approaches.  Defendant displayed ongoing aggression with hand movements that tremendously violated the *SPEICES".

(Doc. 3 at 1). In the Civil Cover Sheet, Plaintiff states defamation, personal injury, and violation of the Federal Hate Crimes Prevention Act as bases for his claims. (Doc. 3 at 3).

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, the complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B).  That statute provides for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A court may dismiss a complaint as frivolous when it is based on an indisputable meritless legal theory or when the factual contentions are "clearly 'baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible." *Id.* at 33.

Here, Plaintiff's factual contentions are clearly baseless.  His allegations, which are nearly undecipherable, describe fantastic or delusional scenarios that are clearly irrational and incredible.  Therefore, Plaintiff's complaint should be dismissed with prejudice as frivolous. *See Mills v. U.S. Government*, No. 3:11-CV-1428-L-BK, 2011 WL 3347919 (N.D. Tex. Jul. 13, 2011), *accepting recommendation*, 2011 WL 3347906 (N.D. Tex. Jul. 29, 2011) (dismissing complaint as factually frivolous because it alleged that unidentified individuals "use[d] technology" nationally and internationally to watch and control him and to commit crimes against him).[1]

---

[1] Plaintiff's motion to proceed *in forma pauperis* also includes fanciful allegations.  Although Plaintiff receives only $869 monthly in disability payments, he states that he expects over $2,500,000 from self-employment income next month.  (Doc. 5 at 1).  He also lists over $100,000 in total monthly expenses, but itemizes only in part. *Id.* at 4-5

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be summarily **DISMISSED** with prejudice as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B).

SIGNED August 20, 2013.

*[signature]*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE